JS 44

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**10   5065**

### I. (a) PLAINTIFFS
Deborah Marcakis

**(b)** County of Residence of First Listed Plaintiff: Bucks Co., PA

**(c)** Attorney's (Firm Name, Address, Telephone Number, and Email Address)
Warren & Vullings, LLP, 1603 Rhawn Street
Philadelphia, PA 19111   215-745-9800

### DEFENDANTS
Interstate Check Systems, Inc. (ICS) a/k/a Northtown Capital Associates, LLC

County of Residence of First Listed Defendant: Erie Co., NY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **Habeas Corpus:** ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **IMMIGRATION** ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | |
| | | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collection Practices Act 15 U.S.C. 1692

Brief description of cause:
Violation of FDCPA

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) (See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation:

| DATE | SIGNATURE OF ATTORNEY OF RECORD | |
|---|---|---|
| 09/16/2010 | /s/ Brent F. Vullings, Esq. | bv@w-vlaw.com |

SEP 2 8 2010

UNITED STATES DISTRICT COURT    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar

**10-5065**

Address of Plaintiff   Deborah Marcakis, Top of the Hill, 301 Heights Lane, Apt. 2E, Feasterville, PA 19053

Address of Defendant   Interstate Check Systems, Inc. (ICS) a/k/a Northtown Capital Associates, LLC, 15 Hazelwood Drive, Suite 102, Amherst, NY 14228

Place of Accident Incident or Transaction   Bucks Co., PA

*(Use Reverse Side for additional space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in accordance with Fed. R.Civ.P.7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number _____   Judge _____   Date Terminated _____

(Civil cases are deemed related when yes is answered to any of the following questions

1. Is this case related d to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or in any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

CIVIL (Place X in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please Specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
   (Please Specify)

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Brent F. Vullings, Esq.   Counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2). that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought

DATE: 09/16/2010   /s/ Brent F. Vullings BFV8435   92344
                   Attorney-at-Law                Attorney ID.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this Court except as noted above.

DATE: 09/16/2010   /s/ Brent F. Vullings BFV8435   92344   SEP 2 8 2010
                   Attorney-at-Law                Attorney ID #

CIV.609 (4/03)

PD

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Deborah Marcakis

v.

Interstate Check Systems, Inc. (ICS) a/k/a Northtown Capital Associates, LLC

CIVIL ACTION

10  5065

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on tie plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks. (X)

| 09/16/10 | /s/ Brent F. Vullings BFV8435 | *Plaintiff* |
|---|---|---|
| Date | **Attorney-at-law** | **Attorney for** |
| 215-745-9800 | 215-745-7880 | bv@w-vlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

SEP 2 8 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH MARCAKIS <br><br> Plaintiff <br><br> vs. <br><br> INTERSTATE CHECK SYSTEMS, INC. (ICS) a/k/a NORTHTOWN CAPITAL ASSOCIATES, LLC <br> Defendant | Case Number <br><br> 10 5065 <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

FILED
SEP 2 5 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Deborah Marcakis, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Deborah Marcakis (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III.  PARTIES

4. Plaintiff, Deborah Marcakis, is an adult natural person residing at Top of the Hill, 301 Heights Lane, Apt. 2E, Feasterville, PA 19053. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Interstate Check Systems, Inc. (ICS) a/k/a Northtown Capital Associates, LLC at all times relevant hereto, is and was a corporation and also acting as a limited liability company engaged in the business of collecting debt within the Commonwealth of Pennsylvania, with a principal place of business located at 15 Hazelwood Drive, Suite 102, Amherst, NY 14228 and a registered office located at 1 Maiden Lane, 15th Floor, New York, NY 10038.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about September 9, 2010, Plaintiff was informed by her parents that they had received call from Defendant's agent, "Juliana Hays", collecting on a debt allegedly owed on a past payday loan.

8. "Agent, "Juliana Hays", told the Plaintiff's parents that their daughter was a "person of interest".

9. Plaintiff's parents were told that their daughter was being investigated for the criminal act of writing bad checks.

10. Defendant's agent, "Juliana Hays", stated that they would be sending the sheriff to come and pick up the Plaintiff if she did not call Defendant back by 12:30 the next day.

11. On or about that same day, Plaintiff's aunt also received a call from Defendant to her home looking for the whereabouts of the Plaintiff.

12. Plaintiff's aunt was also told that the Plaintiff was a "person of interest" for writing bad checks.

13. On that same day, September 9, 2010, Plaintiff called the Defendant back and spoke with an agent by the name of "Mrs. Hill".

14. Defendant's agent, "Mrs. Hill", explained to the Plaintiff that she would like to help her but that it was essentially too late.

15. Plaintiff was told that the Defendant had been trying to reach her for so long and that this was her last chance.

16. Plaintiff insists that until this time she had never received a call and has never received a notice from the Defendant.

17. During that same call, Defendant's agent, "Mrs. Hill", informed the Plaintiff that her failure to pay had caused a "red flag" to be put on her driver's license and her social security card number.

18. Plaintiff was told that if she didn't take care of this now she would surely end up in a Bucks County court.

19. Defendant's agent, "Mrs. Hill" also stated again that the Plaintiff had written bad checks and that she was involved in criminal behavior.

20. Plaintiff ended the call.

21. On or about September 10, 2010, Defendant's agent, "Mrs. Hill" called and left a message for the Plaintiff stating that the Plaintiff had until 5:30 pm that evening to let them know what she intended to do or that this account was going to litigation.

22. Plaintiff was told to reference her court number 221-436-T.

23. However, at 12:30 pm, that same day, Defendant's agent, "Mrs. Hill, called back asking the Plaintiff if she had made up her mind yet about payment.

24. Plaintiff continued to receive calls to her home and her personal cell phone from the Defendant.

25. On or about September 12, 2010, Plaintiff's parent's received another voicemail from an agent of the Defendant asking them to have their daughter call him back by 5:00 pm the next day otherwise someone will be at her home or work to serve her.

26. Defendant's agent ended his call with "consider herself served".

27. On that same day, September 12, 2010, Defendant's agent, "Juliana Hays", called Plaintiff again and stated that if she did not call back 5:00 pm on Friday, September 17, 2010, that they would be closing her file and sending it to Bucks County Courthouse.

28. On or about September 13, 2010, Defendant's agent "Frank Rizzo", called the Plaintiff claiming he was from a "law group" and referencing the same court number

221-436-T he claimed that he was calling because the Plaintiff had agreed to settle the debt on the 9th of September.

29. Plaintiff told the agent that she did not have the money at this time and that she had never agreed to a settlement.

30. Plaintiff is said to owe in excess of $1,975.00 on a debt that was originally $500.00.

31. Before ending the call, Defendant's agent, "Frank Rizzo", stated that it was fine if the Plaintiff did not want to settle because he will just forward it on to the county.

34. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

35. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

36. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

37. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692b(2): | Contact of Third Party: Stated that the consumer owed any debt |
| § 1692b(3): | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| § 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(4): | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |

§ 1692e(5):   Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Interstate Check Systems, Inc. (ICS) a/k/a Northtown Capital Associates, LLC for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

<u>**COUNT II**</u>
**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION
UNIFORMITY ACT
(FCEUA, 73 Pa. C.S. § 2270.1 <u>et seq.</u>)**

41. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

42. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

43. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

44. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

45. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

46. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

47. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

48. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of , treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Treble damages;

b. An award of reasonable attorneys fees and expenses and costs of court; and

  c. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

49. The foregoing paragraphs are incorporated herein by reference.

50. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

51. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

52. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

  a. Defendant misrepresented to Plaintiff, the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

  b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

53. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

54. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Treble damages;

c. An award of reasonable attorney's fees and expenses and cost of suit; and

d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: September 15, 2010

BY: */S/Bruce K. Warren BKW4066*
Bruce K. Warren, Esquire

BY: */S/Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff